IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE ST. PAUL FIRE AND MARINE INSURANCE COMPANY, | : : | CIVIL ACTION |
| Plaintiff | : : | |
| v. | : : | |
| THE NOLEN GROUP, INC., et al., | : | |
| Defendants | : | NO. 02-8601 (lead consolidated case) |

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | : : | CIVIL ACTION |
| Plaintiff | : : | |
| v. | : : | |
| THE NOLEN GROUP, INC., et al., | : | |
| Defendants | : | NO. 03-3192 (consolidated case) |

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, et al., | : | CIVIL ACTION |
| Plaintiffs | : : | |
| v. | : : | |
| THE NOLEN GROUP, INC., et al., | : | |
| Defendants | : | NO. 03-3651 (consolidated case) |

**Gene E.K. Pratter, J.**                                                                 **March 12, 2007**

**MEMORANDUM AND ORDER**

    Defendant Warren W. Baringer, Jr., individually and trading as Baringer Land Clearers and trading as Baringer Land Clearing ("Baringer") moves for a protective order and a stay of enforcement proceedings. Plaintiffs Federal Insurance Company and Great Northern Insurance

Company oppose the Baringer motion and seek an order compelling Baringer's cooperation with post-judgment discovery, together with various sanctions. For the reasons discussed below, the Court will deny the Baringer motion and partially grant Plaintiffs' motion.

The history of this litigation has been thoroughly recounted previously in the Court's Memoranda and Orders of August 21, 2006, November 3, 2006, November 14, 2006 and December 20, 2006. Therefore, except as specifically germane to the present issues, the factual and procedural background of this case will not be repeated here.

On July 27, 2005 Baringer was found by the jury to be 1% liable, but nonetheless jointly and severally liable with other defendants, for Plaintiffs' damages. Final judgments totaling $8,985,282.69 have been entered against Baringer.[1] Baringer has moved for post-trial relief pursuant to Rules 50, 59 and 60 of the Federal Rules of Civil Procedure, a motion that remains pending. On December 4, 2006 Baringer moved to stay proceedings to enforce the judgments pending disposition of its post-trial motion and appeal. Baringer also asked for a reduction to $2 million for the security required for a stay. On December 20, 2006, the Court granted the stay, contingent upon Baringer's posting a $9 million supercedeas bond. Inexplicably, and without either the Court's permission or the Plaintiffs' assent, Baringer posted a supercedeas bond in the amount of $2,856,307.02. On February 26, 2007, Baringer filed the present motion which, in effect, represents a self-help effort to reargue its earlier motion for a stay and a reduced bond amount, without deigning to try to explain its failure to respect the terms of the Court's December 20, 2006 Order.

---

[1]This is the aggregate sum of the judgments of all Plaintiffs as against Baringer. The judgments in favor of the two Plaintiffs involved in the motions addressed here are $528,544.43 for Federal and $39,188.82 for Great Northern.

The Court is unpersuaded by the three state court cases from California, Delaware and New Jersey cited by Baringer in an effort to justify its posting of a bond that covers less than a third of its aggregate judgment obligations. Baringer has neglected to address the wholly different - - and, ultimately, undercutting to Baringer's position here - - factual contexts of these cases as a necessary predicate to trying to persuade the Court of their potential usefulness here. Indeed, the fundamental flaw in Baringer's motion (leaving aside, for the moment, its timing) is that it completely ignores the arithmetical realities that the partial bond does not secure the entire judgment, does not secure all of even the Zurich judgment alone, and does not secure any of the Federal or Great Northern judgments if St. Paul and/or Zurich moved to enforce their respective judgments. Moreover, Baringer has made no effort to try to ameliorate the enormous security gap by proposing any other method by which the Plaintiffs' various judgments could be protected during a period of a stay. In short, Baringer has yet to provide any legal, factual, equitable or practical justification for its requests for extraordinary accommodations.

Plaintiffs Federal and Great Northern suggest that Baringer's motion is untimely. Certainly, if the motion is seen for its substance and, thus, considered as a motion for reconsideration of the Court's December 20, 2006 ruling, the motion is untimely under Local Rule 7.1(g). If the motion is taken at face value as an effort to forestall discovery, Baringer showed almost as little heed for the standards of professionalism expected in connection with responding to discovery[2] as it does for the efficacy of the Court's December 20 Order. At a

---

[2] It appears that the discovery that ostensibly prompted Baringer's motion for a protective order and stay was noticed on February 8, 2007 to take place on February 27, 2007. The Baringer motion for a protective order was filed on the day before the discovery was to take place. While counsel for Baringer suggests that a good faith effort to resolve this dispute was made prior to the filing of the motion, counsel's Local Rule 26.1 certification certainly details no

minimum, the Court would have expected Baringer to have made some effort to comply with a material portion of the discovery before seeking protection - - especially given its precarious position on the supercedeas bond.

Like its submission concerning the amount of the bond, Baringer has provided the Court with no basis upon which the Court could or should exercise its discretion to conclude that a protective order was in order. Indeed, the only compelling information - - that concerning Mr. Baringer's ill health - - was provided by *Plaintiffs*, not by Baringer. Moreover, Plaintiffs have indicated a willingness to forego deposing Mr. Baringer in respect for his health, indicating their willingness to proceed with other requested discovery and an appropriate substitute deponent. Under all the circumstances attendant to the present issues, it appears to the Court that Baringer has elected to partially invoke the adage "It is better to beg forgiveness than to seek permission," but, rather unabashedly, Baringer has neglected both options.

The Baringer motion will be denied, the current stay will be lifted within 21 days of the date of this Order unless Baringer posts suitable security to address to the Court's satisfaction the full amount of the aggregate final judgments entered against it, and Plaintiffs' discovery may go forward, all as outlined in the accompanying Order.

BY THE COURT:

S/Gene E.K. Pratter
Gene E.K. Pratter
*United States District Judge*

---

such specific efforts, contrary to the requirements for such certifications as set forth in the Court's published Policies and Procedures.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE ST. PAUL FIRE AND MARINE INSURANCE COMPANY, | : : | CIVIL ACTION |
| Plaintiff | : : | |
| v. | : : | |
| THE NOLEN GROUP, INC., et al., | : | |
| Defendants | : | NO. 02-8601 (lead consolidated case) |

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | : : | CIVIL ACTION |
| Plaintiff | : : | |
| v. | : : | |
| THE NOLEN GROUP, INC., et al., | : | |
| Defendants | : | NO. 03-3192 (consolidated case) |

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, et al., | : | CIVIL ACTION |
| Plaintiffs | : : | |
| v. | : : | |
| THE NOLEN GROUP, INC., et al., | : | |
| Defendants | : | NO. 03-3651 (consolidated case) |

**O R D E R**

AND NOW, this 12th day of March, 2007, upon consideration of the Baringer Motion For Protective Order and Stay As To Federal and Great Northern (Doc. No. 273), and Plaintiffs Federal's and Great Northern's opposition thereto along with their Motion For Sanctions (Doc. No. 152), it is hereby **ORDERED** that:

1. The Baringer Motion is **DENIED**;

2. The Stay entered by the Court's Memorandum and Order of December 20, 2006 (Doc. No. 265) shall be lifted in toto on April 3, 2007, unless prior to that date security by way of a supercedeas bond or other security approved by the Court is posted by or on behalf of Baringer to secure the full aggregate amount of the final judgments entered against Baringer in this litigation (including accrued and accruing interest) as delineated in the Court's December 20, 2006 Order;

3. Discovery heretofore noticed by Federal and/or Great Northern may proceed immediately, provided that no deposition of Mr. Warren W. Baringer, Jr. shall be taken unless and until his general health so permits and provided further that Baringer shall have a minimum of 10 days from the date hereof to collect the documentary material requested in the discovery and to designate a deponent to take the place of Mr. Baringer. No other discovery may be had without the Court's advance approval while the current stay remains in effect.

4. Plaintiffs' Motion for Sanctions (Doc. No. 152) is **DENIED IN PART** and **GRANTED IN PART** as follows: Baringer's failure to comply with this Order by providing the discovery that is the subject hereto shall result in the imposition of sanctions reflecting the reasonable costs and attorneys' fees incurred by one professional acting on behalf of Plaintiffs in connection with the preparation of Document No. 152 and with any subsequent filing necessitated by Baringer's non-compliance with this Order or the Court's Order of December 20, 2006.

BY THE COURT:

S/Gene E.K. Pratter
Gene E.K. Pratter
*United States District Judge*